# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., | No. 2:19-cv-225-JRG |
| *Plaintiff,* | |
| vs. | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC., | |
| *Defendant.* | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

[Note to the Court: Where the parties do not agree on proposed instructions, Plaintiff's proposed language is in ==yellow== and Defendant's proposed language is in ==blue==.]

## PRELIMINARY JURY INSTRUCTIONS

I.   **Introduction**[1]

Ladies and Gentlemen of the Jury:

I now have some preliminary instructions that I want to give you before we start with the opening statements from the lawyers and get on to the actual evidence in this case.

You have now been sworn as the jurors in this case, and as the jury, you are the sole judges of the facts.  You alone will decide and determine all of the facts in this case.  It is your duty to listen to the evidence and apply the law to the facts.

As the Judge, I will give you instructions on the law, decide any questions of law that arise during the trial, and handle matters of evidence and procedure.  I am also responsible for managing the flow of the trial and maintaining the decorum of the courtroom.

At the end of the evidence, I'll give you detailed instructions about the law to apply in deciding this case, and I'll give you a list of questions that you are then to answer.

This list of questions is called the verdict form.  Your answers to these questions need to be unanimous, and those answers will constitute the verdict in this case.

---

[1]   Fifth Circuit Pattern Jury Instructions – Civil, § 1.2 Preliminary Instructions (2014).

## II.      Patents and How They Are Obtained[2]

I now briefly want to tell you what this case is about.  This case involves a dispute between two companies regarding United States patents.  Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted or denied by the United States Patent and Trademark Office, sometimes called the PTO.  A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent holder's permission.

A patent is a form of property called intellectual property.  A violation of the patent holder's rights is called infringement.  The patent holder can enforce a patent against persons it believes to be infringers by a lawsuit filed in federal court.  That is what we have before us in this case.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the Patent and Trademark Office.  The PTO is an agency of the federal government of the United States and employs trained Examiners who review applications for patents.

The application includes what is called a specification.  The specification contains a written description—in text or drawings—[3]of the claimed invention describing what the invention is, how it works, how to make it, and how to use it.  The specification concludes or ends with one or more

---

[2]   The Federal Circuit Bar Association, *Model Patent Jury Instructions*, (Jul. 2016), Instruction A.1; *Ambato Media, LLC v. Clarion Co., Ltd. et. al.,* 2:09-CV-242-JRG, Preliminary Jury Instructions, Dkt. 373; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *C-Cation Techs., LLC v. Comcast Corp. et al.*, No. 2:11-cv-00030-JRG-RSP, Dkt. 342.
[3] *C-Cation Techs., LLC v. Comcast Corp. et al.*, No. 2:11-cv-00030-JRG-RSP, Dkt. 342.

numbered sentences.  These numbered sentences are called the patent claims.  When a patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

Patent claims may exist in two forms referred to as independent claims and dependent claims. An independent claim does not refer to any other claim in the patent. It is independent. It is not necessary to look at any other claim to determine what an independent claim covers.

On the other hand, a dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of that other claim or claims to which it refers or depends, as well as the additional limitations recited within the dependent claim itself.

Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim itself and the independent claim or claims from which it refers, or we sometimes say from which it depends.

After the applicant files the application, an Examiner with the PTO examines the application to determine whether the claims are patentable, that is to say appropriate for patent protection, and whether the specification adequately describes the invention claimed.

In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews this type of information that is publicly available from the relevant time period or that is submitted by the applicant.  This type of information is called prior art.

The Examiner reviews this prior art to determine whether the invention is truly an advance over the state of the art at the time.  Prior art is defined by law, and I will give you, at a later time, specific instructions as to what constitutes prior art.  In general, though, prior art includes information that demonstrates the state of the technology that existed before the claimed invention

was made or before the application for a patent was filed.  A patent lists the prior art that the Examiner has considered, and these items on this list are called the cited references.

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and thus allowed.  This written response from the Examiner is called an office action.  If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims.  The applicant also has the chance to change the claims or submit new claims.

This process may go back and forth between the applicant and the Examiner for some time until the Examiner is satisfied that the application meets the requirements for a patent, and in that case, the application issues as a United States patent.  Or in the alternative, if the Examiner ultimately concludes that the application should be rejected, then no patent is issued.  The papers generated during these communications back and forth between the Examiner and the applicant are called the prosecution history.

[**Ramot Insert:**  Once a patent issues, it is presumed to be valid.[4]  **Cisco Insert:** The fact that the PTO grants a patent does not necessarily mean that the invention claimed in the patent, in fact, deserves the protection of a patent.[5]]  While the issued patent is presumed valid, a person

---

[4] *Cioffi v. Google, Inc.*, 2:13-cv-103-JRG-RSP, Dkt. 263 at 9 (Feb. 14, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 at 8 (Mar. 23, 2017); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Dkt. 290 at 13, 18 (E.D. Tex. Feb. 9, 2015).

[5] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 at 9 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 at 13 (E.D. Tex. Feb. 9, 2015); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 at 11 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 at 8 (Mar. 23, 2017).

accused of infringement has the right to argue here in federal court that the claimed invention in a patent is invalid.  It is your job as the jury to consider the evidence presented by the parties and determine independently and for yourselves whether or not the Defendant[6] has proven that the patent is invalid.[7]

---

[6] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 at 9 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Dkt. 290 at 13 (E.D. Tex. Feb. 9, 2015); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 at 12 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 at 8 (Mar. 23, 2017).
[7] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433, 9 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, 9 (E.D. Tex. Feb. 9, 2015); The Federal Circuit Bar Association, *Model Patent Jury Instructions*, (Jul. 2016), Instruction A.1; *Ambato Media, LLC v. Clarion Co., Ltd. et. al.*, 2:09-CV-242-JRG, Preliminary Jury Instructions, Dkt. 373.

III.     **Contents of the Parties**

To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

The party that brings the lawsuit is called the Plaintiff.  The Plaintiff and patent-owner in this case is Ramot at Tel Aviv University Ltd., which the parties and I may often refer to simply as "Ramot."  The Defendant is Cisco Systems, Inc.  The parties and I may often refer to them as simply Cisco.

This is a case of alleged patent infringement. There are three patents at issue in this case: U.S. Patent No. 10,270,535, referred to as the '535 patent, and U.S. Patent No. 10,461,866, referred to as the '866 patent, and U.S. Patent No. 10,033,465, referred to as the '465 patent.  You'll have a complete copy of these patents in your juror notebooks, which will be passed out to you in a few moments.

I will refer to the patents as the "patents-in-suit" or the "asserted patents."  Individual patents are commonly referred to simply by their last three digits, so the patents will be referred to throughout the trial as the '465 patent, the '535 patent and the '866 patent.  **[Ramot's Position:** The patents-in-suit relate to high speed electrical-to-optical modulation, for communication in fiber optic networks. / **Cisco's Position:**  The Asserted Patents relate to optical modulators and, in particular, a linearized optical digital-to-analog modulator.]  Yossef Ehrlichman, Ofer Amrani, and Shlomo Ruschin are the named inventors on the patents-in-suit.[8]

Ramot seeks money damages from Cisco for infringing the patents-in-suit via use of **[Ramot's Position:**  its networking equipment with corresponding line cards and optical

---

[8] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, 14-15 (E.D. Tex. Feb. 9, 2015); *Cioffi v. Google, Inc.*, 2:13-CV-103-JRG-RSP, Dkt. 263, 9-10 (Feb. 14, 2017).

transceiver modules providing advanced electro-optical modulation techniques. / **Cisco's position:** optical transceivers, alone or in combination with line cards containing digital signal processing circuitry, that can transmit optical data using higher order modulation formats].  The accused line cards and modules include certain of Cisco's various 100G, 200G, and 400G optical modules and associated digital signal processing circuitry and software.  I may refer to the Cisco products accused of being used for infringement in this case as simply the "accused products."

Ramot contends that Cisco's use of the accused products directly infringes claim 1 of the '465 patent, claims 1 and 2 of the '535 patent, and/or claims 7, 8, 10, 11, and 12 of the '866 patent.  These claims are also referred to as the "asserted claims."  Ramot also contends that Cisco infringes the asserted claims by inducing its consumers and end users of the accused products to infringe, [**Ramot's insert: and contributes to such infringement**].[9][10]  Ramot also alleges that Cisco's infringement is and has been willful.   [**Ramot's insert:** Ramot seeks money damages amounting to a reasonable royalty for Cisco's infringement.[11]]

---

[9] Cisco objects to any instructions regarding contributory infringement.  When asked a direct interrogatory on the issue, Ramot did not provide any facts or evidence regarding such a claim.  *See* Ramot's April 10, 2020 Response to Interrogatory No. 2.  Instead, it incorporated by reference its December 12, 2019 Amended P.R. 3-2 Infringement Contentions and stated that additional information would be provided in a supplemental response and its expert reports.  The Dec. 12, 2019 Infringement Contentions do not make any mention of contributory infringement, and although Ramot did provide a supplemental response to Interrogatory No. 2 on June 18, the supplement related solely to inducement; no allegations, factual or otherwise, were made as to Cisco's allegedly contributory infringement.  Similarly, Dr. Dallesasse's expert report on infringement does not mention contributory infringement and, therefore, he will not be permitted to testify to it at trial.  Accordingly, there is no basis for Ramot to now insist on such instructions.  *See* Fed. R. Civ. P. 37(c).

[10] Ramot has not "withdrawn" its contributory infringement allegations, which appear in its Complaints (*see, e.g.*, Dkt. 48 at ¶¶ 2, 43, 56, 69) and can be proven with fact evidence concerning Cisco's knowledge and the nature of the accused products.  Cisco does not have a motion *in limine* directed to contributory infringement.

[11] Cisco's position is that this statement is not necessary, as it is duplicative of the first sentence two paragraphs prior.

Cisco denies that use of the accused products infringes the asserted claims.  Cisco also denies that it induces consumers and end users of the accused products to infringe **[Cisco Insert if contributory infringement is permitted:,** and denies that it contributes to such infringement**]**. Cisco further denies Ramot's allegation that Cisco willfully infringed the asserted patents.  Cisco also contends that the asserted claims of Ramot's patents are invalid.  Cisco denies that it owes Ramot any damages.

Your job is to decide whether or not the asserted claims have been infringed and whether or not the asserted claims of the patents-in-suit are invalid.  If you decide that any asserted claims have been infringed and are not invalid, then you'll need to decide what amount of money damages are to be awarded to Ramot as compensation for Cisco's infringement.

IV.    **Burden of Proof**[12]

There are two standards of proof that you'll be asked to apply to the evidence, depending on the issue that you are deciding. As the jury, you may be asked to apply the burden of proof known as the preponderance of the evidence for some issues, and the burden of proof known as clear and convincing evidence for other issues.

A preponderance of the evidence means evidence that persuades you that a claim is more probably true than not true.  Sometimes this is talked about as being the greater weight and degree of credible testimony.[13]

In the courtroom is a statue of the lady of justice sometimes called Justitia.  She holds in her left hand the scales of justice.  The scales are balanced; they're equal; they're exactly the same.

At the close of evidence, the Court will submit questions to you, and as to the party who has the burden of proof by a preponderance of the evidence, [**Ramot Insert**: if you find that placing the evidence on those scales tips the scales ever so slightly in the direction of that party, then that party has met the burden of proof to establish that issue by a preponderance of the evidence.[14] / **Cisco Insert**: that means that the jury must be persuaded by the credible and believable evidence

---

[12] [**Ramot Insert**: This instruction may alternatively be given before voir dire, pursuant to the court's past practice; **Cisco objects** to the inclusion of this section as not necessary for preliminary instructions.  However, if the Court decides to include instructions on burdens of proof, Cisco's position is that this instruction should be given prior to voir dire, which is consistent with this Court's past practice.  *See, e.g., Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Dkt. 289, Feb. 9, 2015 Trial Tr. at 11-15 (jury instructions prior to voir dire).]
[13] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 289, 11-14 (E.D. Tex. Feb. 13, 2015); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 157 at 11-14 (Mar. 6, 2017).
[14] *C-Cation Techs., LLC v. Comcast Corp. et al.*, No. 2:11-cv-00030-JRG-RSP, Dkt. 342-1 at 13 (E.D. Tex. Nov. 6, 2013).

that that claim or defense is more probably true than not true.  I'll say that again, more probably true than not true.[15]]

However, on the other hand, a party who has the burden of proving a defense by clear and convincing evidence means that you, the jury, must have an abiding conviction that the truth of the party's factual contentions are highly probable. That's a higher standard of proof than the preponderance of the evidence.

[**Cisco Insert if the Court issues instructions on burdens of proof in preliminary instructions**: If you imagine the same example that I gave you a moment ago but this time apply it to clear and convincing evidence, when the trial is complete and all evidence has been presented, if you think about that evidence as being placed on one side or the other of those scales and the jury's asked to answer questions in the verdict form, then if a party who has the burden of proof by clear and convincing evidence has those scales tip in their favor, and they must tip more than ever so slightly, they must definitely tip, then they have met their burden of clear and convincing evidence.[16]]

[**Ramot insert**: Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.  It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.[17]

---

[15] *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 157, March 6, 2017 Trial Tr. at 11:10-17; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Dkt. 289, Feb. 9, 2015 Trial Tr. at 11:25-12:11.

[16] *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG, Dkt. 284, June 5, 2017 Trial Tr. at 14:18-15:5; *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 157, March 6, 2017 Trial Tr. at 13:3-14.

[17] Fifth Circuit Pattern Jury Instructions – Civil, § 2.17 (2014); *see Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013).

Although proof to an absolute certainty is not required, the clear and convincing standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.  If the proof establishes in your mind an abiding conviction of the truth of a matter, then the clear and convincing evidence standard has been met.[18]]

[**Cisco Insert if the Court issues instructions on burdens of proof in preliminary instructions**: Now, neither of these two burdens of proof should be confused with a third burden of proof that you've probably heard about in media and on television, and that is a burden of proof known as beyond a reasonable doubt.  Beyond a reasonable doubt is a burden of proof applied in a criminal case, and it has absolutely no application in a civil case such as this. You should not confuse clear and convincing evidence with evidence beyond a reasonable doubt.  It's not as high a standard as beyond a reasonable doubt, but clear and convincing evidence is a higher standard than the preponderance of the evidence.[19]]

[Ramot insert: None of this is to be confused with beyond a reasonable doubt, which is the burden of proof used in a criminal case, which has no application in this case.]

---

[18] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 289, 11-14 (E.D. Tex. Feb. 13, 2015); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 157 at 11-14 (Mar. 6, 2017).

[19] *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG, Dkt. 284, June 5, 2017 Trial Tr. at 15:6-16; *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 157, March 6, 2017 Trial Tr. at 13:15-14:1; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Dkt. 289, Feb. 9, 2015 Trial Tr. at 14:1-11.

## V.        Interpretation of Claim Terms[20]

Now, my job in this case is to tell you what the law is, handle the rulings on evidence and procedure, and conduct the trial as efficiently and effectively as possible.

In determining the law, it is specifically my job to determine the meaning of any claim language that needs interpretation. Claim language is the language in the numbered sentences at the end of each of the asserted patent.

I have already determined the meaning of some of the claim language, and you must accept those meanings that I give you and use those meanings when you decide whether the claim has or has not been infringed and whether or not the claim is invalid.

You will be given a document in your juror notebooks that reflects those meanings which I have determined.

If I have provided you with the definition of a term, then you are to apply my definition to that term throughout the case.  For any claim term for which I have not provided you with the definition, you should use the plain and ordinary meaning of those words.

You must accept the meanings that I give you and use those meanings when you decide whether the claim has or has not been infringed and whether or not the claim is invalid. Nonetheless, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion or any opinion at all regarding the issues of infringement and invalidity or any other issues.  Those issues are yours alone to decide.

I will provide you with more detailed instruction on the meaning of the claims before you retire to deliberate and reach your verdict.

---

[20] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015).

## VI.    Legal Standards[21]

In deciding the issues that are before you, you will be asked to consider specific legal rules, and I will give you an overview of those rules now, and then I will give you much more detailed instructions later.

[**Ramot Insert:**  The first issue you will be asked to decide is whether Ramot has proved by a preponderance of the evidence that Cisco has infringed the asserted claim.  **Cisco Insert:**  The first issue that you'll be asked to decide is whether Cisco has infringed any of the asserted claims of the asserted patents. Infringement is assessed on a claim-by-claim basis. And Ramot, the Plaintiff, must show by a preponderance of the evidence that a claim has been infringed.][22]

There are a few different ways that a patent may be infringed.  I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the trial. In general, though, Cisco may infringe the asserted patent by using, in the United States, a product in a manner that meets all the requirements of an asserted claim of an asserted patent.[23]  Cisco also may infringe by inducing [**Ramot's insert:**  or contributing to] infringement by its customers or others who are using its accused products.

Another issue you will be asked to decide is whether Ramot has proven by a preponderance of the evidence that Cisco's infringement has been and is willful.

---

[21] The Federal Circuit Bar Association, *Model Patent Jury Instructions*, (Jul. 2016), Instruction B.4.3; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015).

[22] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 (Mar. 23, 2017)

[23] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, 18 (E.D. Tex. Feb. 9, 2015).

Another issue you will be asked to decide is whether [**Ramot insert:**  Cisco has proved by clear and convincing evidence that each asserted claim is invalid.  **Cisco insert:**  the asserted patents are invalid.  Invalidity is a defense to infringement.][24]  Therefore, even though the PTO has allowed the asserted claims and even though a patent is presumed to be valid, you, the jury, must decide whether those claims are invalid after hearing the evidence presented during this trial.

You may find a patent claim to be invalid for a number of reasons, including because it claims subject matter that is not new or it is obvious.  For a patent claim to be invalid because it is not new, Cisco must show by clear and convincing evidence that all of the elements of a claim are sufficiently described in a single previous printed publication or patent.  We call these items prior art.[25] [**Cisco insert:**  If a claim is not new, it is said to be anticipated.][26]

Another issue you will need to decide is if the claim is invalid because it is obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of prior art, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. You will need to consider a number of questions in deciding whether the inventions claimed in the asserted patents are obvious.

[**Cisco Insert:**  Another way that a patent may be invalid is if its description in the specification does not meet certain requirements. To be valid, a patent must meet the written

---

[24] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 (E.D. Tex. Mar. 28, 2016); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 (Mar. 23, 2017).

[25] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433, 13 (E.D. Tex. Mar. 28, 2016).

[26] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 (Mar. 23, 2017).

description requirement. In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly as claimed in the claims of the issued patent.][27]

I will provide you with more detailed instructions at the conclusion of the trial.

If you decide that any claims of the asserted patents have been infringed and are not invalid—that is, its presumption of validity has survived—you will then need to decide what amount of money damages are to be awarded to Ramot to compensate it for the infringement.

[**Ramot insert:**  A damages award must be adequate to compensate Ramot for the infringement, but in no event may the damages award be less than what Ramot would have received had it been paid a reasonable royalty for the use of its patent.  You may not include in your award any additional amount as a fine or a penalty above what is necessary to compensate Ramot for the infringement.[28]  **Cisco insert:**  However, the damages you award, if any, are meant to compensate the patentholder and not to punish the Defendant. You may not include in any award any additional amount as a fine or penalty above what is necessary to fully compensate the patentholder for the infringement.[29]]

[**Cisco Insert:**  Moreover, damages may not be speculative, and the Plaintiff must prove

---

[27] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015).

[28] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433, 13 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, 20 (E.D. Tex. Feb. 9, 2015).

[29] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 (Mar. 23, 2017)

==the amount of its damages for the Defendant's alleged infringement by a preponderance of the== ==evidence.]==[30]

I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

## VII.   Juror Notebooks And Notes[31]

The court reporter in front of me is taking down everything that is said in the courtroom, but that transcript will not be ready for your deliberations.  It is prepared in the event there is an appeal from this Court to an appellate court.  So you will each have to rely on your memories.

In a moment, I am going to give each one of you a juror notebook.  There are blank pages in the back of that notebook that you can use to take notes.  It is up to each of you to decide whether or not you want to take notes, and if you take notes, how detailed you want those notes to be.  But remember, your notes are for your own personal use.  You have to rely on your memory of the evidence, which is why you should pay close attention to the testimony of each and every witness.

Do not be unduly influenced by the notes of other jurors.  You should not abandon your own recollection because somebody else's notes indicate something differently.  Your notes are to refresh your recollection, and that's the only reason that you should be keeping them. If your memory should later be different from your notes, you should rely on your memory.

At this time, I am going to ask our Court Security Officer to pass out these juror notebooks.

[NOTEBOOKS PASSED TO JURORS]

---

[30] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Transcript, Dkt. 433 (E.D. Tex. Mar. 28, 2016); *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG, Dkt. 286 (E.D. Tex. June 16, 2017); *Whirlpool Corp. v. TST Water, LLC,* No. 2:15-cv-1528-JRG, Dkt. 158 (Mar. 23, 2017)
[31] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015).

Ladies and Gentlemen, I am going to ask you to keep these with you, and when you retire for the end of the day, leave them on the table in the jury room.  When you break for lunch, leave them on the table in the jury room.   There may be times when we take a brief recess where I know that it will be short, and I will tell you that you may simply leave your notebooks in your chairs.

In these notebooks, you will see that you each have a copy of the asserted patent that we have talked about.  Also in your notebook, you will see some pages listing the claim terms.  Those are the words that are found at the numbered claim that I have told you about before. And then over in the construction column, there is a definition that the Court has given you to work with in regard to those terms.  Also you will find in there witness photographs for each of the witnesses that we anticipate will testify in the case.  And below their photographs are spaces where you may also take additional notes, if you choose to.

As I said earlier, when you leave at the end of each day, make sure these notebooks are left on the table in the jury room.

## VIII.   Consideration of the Evidence[32]

### A.   <u>Consideration of Witnesses' Testimony</u>

Through the process of this trial, you are going to be hearing from a number of witnesses in this case, and I want you to keep an open mind while you are listening to the evidence and not decide any of the facts until you have heard all of the evidence.  While the witnesses are testifying, remember you and you alone will have to decide the degree of credibility and believability to allocate to each of the witnesses and the evidence.

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.[33]  So while the witnesses are testifying, you should be thinking about and asking yourselves things like this:

Does the witness impress you as being truthful?

Does he or she have a reason not to tell the truth?

Does he or she have any personal interest in the outcome of the case?

Does the witness seem to have a good memory?

Did he or she have the opportunity and ability to observe accurately the things that they testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Does the witness's testimony differ from the testimony of other witnesses, and if it does, how does it differ?[34]

---

[32] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *Cioffi v. Google, Inc.*, 2:13-CV-103-JRG-RSP, Dkt. 263; Committee on Pattern Jury Instructions, District Judges Association – Fifth Circuit, *Fifth Circuit Pattern Jury Instructions – Civil* (2014), Instruction No. 2.13.

[33] *C-Cation Techs., LLC v. Comcast Corp. et al.*, No. 2:11-cv-00030-JRG-RSP, Dkt. 342.

[34] *Core Wireless Licensing, S.A.R.L vs. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP,

These are the kinds of things you should be thinking about while listening to each and every witness.  You may also draw any reasonable inferences from the testimony and exhibits that you feel are justified.

### B.    Expert Witnesses

I want to talk to you briefly about expert witnesses.  When knowledge of a technical subject matter may be helpful to you as the jury, a person who has special training and experience in that particular technical field will be referred to as an expert witness.  That person is permitted to testify to you about his or her opinions on technical matters.

However, you are not required to accept an expert's or any other witness's[35] opinions at all. It is up to you to decide whether you believe an expert witness or any witness for that matter, and whether you believe they are correct or incorrect in what they say.

I anticipate there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications, and when they give an opinion or explain their basis for it, you'll have to evaluate what they say and whether you believe it.  And if you believe it, to what degree do you believe it and what amount of weight, if any, do you want to give to it.

Remember, judging and evaluating the credibility and believability of each and every witness is an important part of your job as jurors.

### C.    Depositions

Now, during the trial, I also anticipate that testimony may be presented by what are called depositions. In trials, it is tough, almost nearly impossible, to get everybody physically in the

---

Transcript, Dkt. 433, 15-16 (E.D. Tex. Mar. 28, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, at 21 (E.D. Tex. Feb. 9, 2015).

[35] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, at 22 (E.D. Tex. Feb. 9, 2015).

courtroom at the same time.  This, unfortunately, is especially true given the current situation with COVID-19 and the various travel restrictions that are in place.  So lawyers from each side, prior to the beginning of trial, take the depositions of a witness.

In a deposition, the witness is sworn in and is under oath just as if he or she were personally in the courtroom.  They are asked question by the attorneys, and their questions are recorded.  In this case, because of the COVID-19 pandemic and various travel restrictions affecting the witnesses and attorneys, the depositions were taken by video conference with the witnesses, attorneys, court reporter, and videographer in different locations.  The video and audio quality of these depositions may vary.  Do not consider these factors in your determination of the credibility and importance of the deposition testimony.

Portions of these recorded questions and answers may be read to you or the video recordings of them can be played back as a part of the trial so that you, the jury, can see the witness and hear their testimony.  That deposition testimony is entitled to the same consideration, and insofar as possible, is to be judged by you as to the credibility, weight and otherwise considered in the same way as if the witness had been present and given the testimony from the witness stand in front of you.

### D.    Exhibits and Objections

During the trial, it is possible that the lawyers from time to time will make objections, and when they do, I will make rulings on those objections.  It is the duty of an attorney on each side to object when the other side offers testimony or other evidence the attorney believes is not proper under the rules or orders of the Court and the rules of evidence and procedure.

Upon allowing testimony or other evidence to be introduced over an objection, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence. Again, determining the weight and effect of evidence is solely your responsibility as the jury.  You

are the sole judges of the credibility of all the witnesses and the weight and the effect to be given to all of the evidence in this case.[36]

Now, before today, the attorneys and I have spent many hours working through long lists of exhibits that they intend to use during this trial.  And they made the great majority of their objections to those exhibits before you were ever assembled today, and they have been through them with me, and I have ruled on those.

Through pretrial procedures, most of the exhibits that you will see in this case have been pre-admitted by the Court.  We may have a few more as we go along, but a lot of time has been saved for you because the parties worked hard in advance of trial to resolve the majority of objections.

If a party shows you an exhibit, that means I have already ruled on its admissibility, and they can ask such questions as they wish to put it in the proper context.  However, it is still possible that objections may be made during the trial, and if they are, then I will rule on those objections.

If I sustain an objection, though, to a question addressed to a witness or regarding exhibits, then you must disregard the question entirely or the exhibit and draw no inference or conclusion from the wording of it or speculate what the witness would have said, if he or she had been allowed to answer the question.

On the other hand, if I overrule an objection, you should consider the question and the answer just as if no objection had been made.

The law in the United States permits a Judge to comment to the jury on the evidence in a case, but such comments from the Judge on evidence are only an expression of the Judge's opinion

---

[36] *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290, at 22 (E.D. Tex. Feb. 9, 2015).

as to the evidence, and the jury can disregard those comments in their entirety, because, as I tell you again, you, the jury, are the sole judges of the facts, are the sole judges of the credibility of the witnesses, and you are the sole determiners of how much weight should be given to testimony produced in Court.  That is your job; it is not my job.  In this respect, I will do my best not to comment or give any indication as to what I think about the evidence for those very reasons.

## IX.    Order of Presenting Evidence and Conduct of the Jury[37]

We are going to have opening statements in just a few minutes, so I want to give you a brief roadmap of where the trial is going and how it is structured.

Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, Ramot will present its case through witness testimony and documentary or other evidence.  Next, Cisco will have an opportunity to present its case.  Ramot may then present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology.  For example, do not talk face-to-face or use any electronic device or media,

---

[37] Fifth Circuit Pattern Jury Instructions – Civil, § 1.2 Preliminary Instructions (2014); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions Dkt. 290 (E.D. Tex. Feb. 9, 2015); *Cioffi v. Google, Inc.*, 2:13-CV-103-JRG-RSP, Dkt. 263.

such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Snapchat, , Instagram, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you.  If you encounter them outside of the courtroom and they do not speak, please understand they are not being rude.  They are following the Court's rules which prohibit them from speaking to you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source.  In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

**It is now time for the opening statements.**