NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**In re: CISCO SYSTEMS INC.,**
*Petitioner*

———————————

2020-148

———————————

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2020-00122 and IPR2020-00123.

------------------------------------------------------------------------------

**CISCO SYSTEMS INC.,**
*Appellant*

**v.**

**RAMOT AT TEL AVIV UNIVERSITY LTD.,**
*Appellee*

**ANDREI IANCU, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Intervenor*

———————————

2020-2047, -2049

———————————

IN RE: CISCO SYSTEMS INC.

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00122 and IPR2020-00123.

---

## ON PETITION

---

Before DYK, WALLACH, and TARANTO, *Circuit Judges*.

WALLACH, *Circuit Judge*.

## O R D E R

Cisco Systems Inc. appeals from the Patent Trial and Appeal Board's decisions denying its petitions to institute *inter partes* review ("IPR"). Cisco alternatively seeks a writ of mandamus to review those decisions. Having received the parties' responses to the court's show cause order, we now dismiss the appeals and deny mandamus.

## I.

Ramot at Tel Aviv University Ltd. owns U.S. Patent Nos. 10,270,535 and 10,033,465. In June 2019, Ramot filed a complaint in the United States District Court for the Eastern District of Texas, alleging that Cisco infringes the two patents. *See* Complaint at 1, *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 19-cv-00225 (E.D. Tex. June 12, 2019). Subsequently, in November 2019, Cisco filed petitions seeking IPR of the asserted patents.

In May 2020, the Board denied Cisco's petitions, citing its discretion under 35 U.S.C. § 314(a) not to institute review regardless of whether Cisco has met the threshold limitation of showing a reasonable likelihood of success on the merits. In doing so, the Board relied on a line of precedential Board decisions in *NHK Spring Co. v. Intri-Plex Technologies, Inc.*, No. IPR2018-00752, 2018 WL 4373643 (P.T.A.B. Sept. 12, 2018) and *Apple Inc. v. Fintiv Inc.*, No. IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20,

2020) that set forth factors for determining whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding.

In applying those factors here, the Board noted that trial is scheduled to begin on December 9, 2020 and that the Board may not issue a final decision in these proceedings until about six months later, *see* Cisco's Resp. (ECF No. 15 in Appeal Nos. 2020-2047, -2049) at Appx7, Appx32; that the parties spent months briefing the district court on claim construction issues and expert discovery was scheduled to be completed shortly, *see id.* at Appx8, Appx33; and that the petitions include the same parties and the same or substantially the same claims, grounds, arguments, and evidence as presented in the district court proceeding, *see id.* at Appx10–11, Appx35–36. The Board thus concluded that "instituting would be an inefficient use of Board, party, and judicial resources." *Id.* at Appx11, Appx36.

Cisco then filed these appeals from the Board's decisions and alternatively petitioned for a writ of mandamus to argue that the Board's decisions, which rely on what Cisco characterizes as the "*NHK/Fintiv* rule," are unlawful. Through those precedential decisions, Cisco contends, the Patent Office has impermissibly established a substantive rule governing institution that violates the Administrative Procedure Act and the America Invents Act because it was not promulgated by notice-and-comment rulemaking and also "contravenes Congress's deliberate judgment that district court defendants should be able to pursue IPR alongside the infringement action, so long as they petition for IPR within one year." Cisco's Resp. at 2.

## II.

We lack jurisdiction under 28 U.S.C. § 1295(a)(4)(A) to hear Cisco's appeals. This court generally does not have jurisdiction to review the agency's determination concerning whether proceedings should have been instituted.

IN RE: CISCO SYSTEMS INC.

Section 314(d) of title 35 of the U.S. Code specifically provides that "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable." That language indicates that when "the Director decides not to institute, for whatever reason, there is no review." *St. Regis Mohawk Tribe v. Mylan Pharms. Inc.*, 896 F.3d 1322, 1327 (Fed. Cir. 2018); *see also St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1376 (Fed. Cir. 2014) (holding that this court's review authority under § 1295(a)(4)(A) does not extend to appeals from non-institution decisions).

Contrary to Cisco's claims, the Supreme Court precedent in this area does not hold otherwise. Far from reviewing a decision declining to institute proceedings, the Court's decisions in *Thryv, Inc. v. Click-to-Call Technologies, LP*, 140 S. Ct. 1367 (2020), *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016), and *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1356 (2018) all involved appeals from a final written decision after a decision to institute. Moreover, while the Court left open the possibility that § 314(d) may not bar appeals that implicate constitutional questions or concerns that the agency acted outside its statutory limits, it made clear that § 314(d) bars review of matters "closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Cuozzo*, 136 S. Ct. at 2141.

We would not need to venture beyond that holding to reject Cisco's appeals here. At bottom, Cisco is challenging whether the Board has authority to consider the status of parallel district court proceedings as part of its decision under § 314(a) in deciding whether to deny institution. Such challenges, both procedural and substantive, rank as questions closely tied to the application and interpretation of statutes relating to the Patent Office's decision whether to initiate review, and hence are outside of our jurisdiction. *Cf. In re Power Integrations, Inc.*, 899 F.3d 1316, 1321 (Fed. Cir. 2018) ("Nothing in section 314(d) suggests that the

prohibition on review applies only to the merits of the Board's non-institution decisions . . . .").

Cisco alternatively requests that this court take up its challenge on mandamus. But Cisco has not met the high standard for mandamus relief. Without drawing any definitive conclusions on the issue, we cannot say that Cisco has established a "clear and indisputable right that precludes" the Board's exercise of discretion to decline review here, including its reliance on Board precedent establishing a non-exclusive set of factors relevant to deciding whether it would be a proper use of resources to conduct such review when there is a parallel district court proceeding. *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1275 (Fed. Cir. 2015), *aff'd*, 136 S. Ct. 2131 (2016). We note that Cisco is also pursuing alternative legal channels to raise its substantive and procedural arguments concerning that precedent, *see Apple Inc. v. Iancu*, No. 20-cv-6128 (N.D. Cal. Aug. 31, 2020), ECF No. 1, and clearly has a readily available alternative legal channel to raise its arguments concerning the validity of the asserted patents. While Cisco prefers to raise those arguments before the Board, it has no clear and indisputable right to do so.

Accordingly,

IT IS ORDERED THAT:

(1) Appeal Nos. 2020-2047, -2049 are dismissed.

(2) Cisco's mandamus petition (ECF No. 2 in No. 2020-148) is denied.

(3) All pending motions in the above-identified cases are denied as moot.

(4) Each side shall bear its own costs.

6                                    IN RE: CISCO SYSTEMS INC.


                                        FOR THE COURT

        October 30, 2020               /s/ Peter R. Marksteiner
              Date                      Peter R. Marksteiner
                                        Clerk of Court


        s32