**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

RAMOT AT TEL AVIV UNIVERSITY LTD.

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Case No. 2:19-cv-00225-JRG

JURY TRIAL DEMANDED

**DEFENDANT CISCO SYSTEMS INC.'S MOTION FOR CONTINUANCE**

Defendant Cisco Systems, Inc. ("Cisco") respectfully requests that the Court continue the trial (presently set for December 4, 2020) and the related final pretrial conference (presently set for November 30, 2020) to the next available dates in March 2021 or thereafter. Cisco has been conferring with Plaintiff Ramot at Tel Aviv University ("Ramot") regarding this Motion for several days but, in part because of the location of Ramot and the time difference between Ramot and its counsel, Ramot has not yet been able to finalize its position as to this Motion.

Cisco notes that the Court has set a status conference in this case for November 19, 2020, relating to Cisco's motion to stay the case pending *ex parte* reexaminations. Dkt. Nos. 107, 171, 180. Cisco's position on that motion has not changed: Cisco believes the case should be stayed on that basis. In the event that motion to stay is denied, however, Cisco requests the trial and final pretrial conference should be continued, as set forth herein.

## I. INTRODUCTION

Based on the circumstances particular to this case -- including the international locations of key fact witnesses, the particular health concerns of at least one expert, and the necessity of certain witnesses and members of the trial teams to quarantine (based on guidance issued in the last week in California and Pennsylvania) through the Christmas and Hanukkah holidays upon returning home after the trial -- Cisco believes that this case and the related pretrial conference should be continued for three months, until March 2021. This limited continuance has a reasonable probability of ameliorating these specific issues, particularly in light of the recently announced vaccines.

Cisco files this motion against a backdrop in which COVID-19 case rates have reached unprecedented levels throughout the United States and Europe.[1] That said, Cisco notes the

[1] For example, Texas recently became the first U.S. state to surpass one million COVID-19 cases. *See*, *e.g.*, https://apnews.com/article/texas-1-million-covid-cases-first-state-

remarkable efforts of this Court – and other Courts in this district – to keep the courthouse doors open and continue to resolve cases, fairly balancing the need to proceed with cases against the ascertainable health risks at any given time.[2] In striking that balance here, Cisco respectfully suggests that the scale favors a brief continuance in this case.

This case involves multiple international witnesses. It also involves witnesses and counsel from states that issued stay-at-home orders in the last week and recommended that individuals traveling out of state quarantine for fourteen (14) days upon return.[3] Additionally, given that this case is (at most) second-in-line behind *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-cv-00152-JRG, there is a reasonable likelihood that counsel and witnesses will travel to and arrive in Texas – and thus trigger some of the various hardships described herein – and then return home because the trial did not go forward in view of the *Solas* / *Samsung* trial.

---

097550b8324b0f54f06bf4d2a1fa4fbd. The increase in cases in the United States is not localized: infections are rising significantly on the east coast and the west coast, in the Midwest and the South, and in urban and rural areas.

[2] Even despite the extraordinary efforts undertaken in this District, recent reports indicate the spread of COVID in a recent trial. As has been publicized, it appears that at least thirteen people involved in a recent trial in this district tested positive for the coronavirus during the course of a jury trial. The individuals who currently have tested positive included two jurors and one court staffer, and caused the court to declare a mistrial. *ResMan, LLC v. Kayra Property Management, LLC*, 4:19-cv-402, Dkt. 251 (minute entry) at 3 (Nov. 9, 2020). Since the commencement of that trial, the number of daily COVID-19 cases has increased in both this District, the State of Texas and the United States as a whole. *See*, *e.g*, https://coronavirus.jhu.edu/data/state-timeline/new-confirmed-cases/texas (over 60,000 new cases in Texas since November 9); https://coronavirus.jhu.edu/us-map (nearly one million new cases nationally since November 9th).

[3] For example, the governors of California, Oregon, and Washington issued a joint coronavirus travel advisory on November 13, 2020 urging arriving travelers to self-quarantine for 14 days and asking residents to avoid all non-essential out-of-state trips. *See*, *e.g.*, https://www.gov.ca.gov/2020/11/13/california-oregon-washington-issue-travel-advisories/. Similarly, the state of Pennsylvania issued an order taking effect on Friday, November 20th, requiring that travelers from from out-of-state quarantine for 14 days upon return. https://www.health.pa.gov/topics/disease/coronavirus/Pages/Travelers.aspx

On the other hand, recent news suggests that there is good reason to believe that the situation will improve materially by the end of the requested continuance and, therefore, allow for a more efficient and reliable presentation of the evidence, without the hardships described herein. Test data for two different vaccines, from Pfizer and Moderna, suggested that the two vaccines are 95% and 94.5% effective, respectively, and that both vaccines could have significant availability by early next year.[4]

As explained in more detail below, this case presents unique circumstances that justify continuing the trial until March 2021. Additionally, Cisco respectfully request that the pre-trial conference, scheduled for November 30, be similarly continued or – if it proceeds as currently scheduled – be held via telephone or videoconference on that date.

## II. INTERNATIONAL WITNESSES LIKELY CANNOT TRAVEL, AND OTHER WITNESSES AND COUNSEL WOULD BE REQUIRED TO QUARANTINE UPON RETURNING HOME FROM TRIAL AND WOULD LIKELY HAVE TO QUARANTINE OVER THE CHRISTMAS HOLIDAY

German Witness. A key Cisco fact witness, Theodor Kupfer, lives in Nuremberg, Germany, and may not enter the United States without spending fourteen (14) days in a third country.[5] Were Mr. Kupfer to undertake the onerous process of quarantining for 14 days in a third country and then attend trial, he would then have to quarantine for an additional ten (10)

---

[4] *See, e.g.*, https://apnews.com/article/2nd-virus-vaccine-success-us-tests-5575a8a8ca3825a9bf39a5d234aba07b ("U.S. officials said they hope to have about 20 million Moderna doses and another 20 million of the vaccine made by Pfizer and its German partner BioNTech to use in late December."); https://apnews.com/article/pfizer-covid-19-shot-95-percent-9d71455cfce0ff047dee4df873ec1023 (Pfizer vaccine is 95% effective).

[5] *See, e.g.*, https://www.whitehouse.gov/presidential-actions/proclamation-suspension-entry-immigrants-nonimmigrants-certain-additional-persons-pose-risk-transmitting-2019-novel-coronavirus/ (barring entry of foreign nationals who have been in the Schengen Area, including Germany, within 14 days of arrival).

days upon return to Germany.[6] These quarantine requirements make it extremely difficult for Mr. Kupfer to attend trial on the current schedule.

Cisco's Invalidity Expert. Cisco's invalidity expert witness, Dr. Joseph Kahn, resides in California, [REDACTED] [REDACTED]. While Dr. Kahn would normally have been able to testify in-person, [REDACTED] [REDACTED] [REDACTED] [REDACTED]. Moreover, Dr. Kahn's employer, Stanford University, strongly advises against any travel outside of California. [REDACTED] [REDACTED]

California Fact Witnesses. Cisco expects to present three fact witnesses at trial: Matt Traverso, Dan Lang, and Theodor Kupfer. Mr. Kupfer was discussed above. Cisco's other two fact witnesses -- Mr. Traverso and Mr. Lang -- both live in Northern California, as does Cisco's corporate representative [REDACTED] The state of California issued a coronavirus travel advisory on November 13, 2020 urging people arriving from out of state to self-quarantine for 14 days after arriving from another state. Jury selection in this case begins December 4, and trial in this case is likely to last one week, meaning that trial will last through at least Friday, December 11, and the team could depart on Saturday, December

---

[6] *See*, *e.g.*, https://www.br.de/nachrichten/deutschland-welt/coronavirus-in-bavaria-assistance-in-english,RtO8eS2 (quarantine regulations issued November 12, 2020 require individuals entering Bavaria, which includes Nuremburg, from risk areas to self-isolate for ten days immediately after arrival).

12. Thus, quarantine would be recommended for at least some of Cisco's attendees. Such a quarantine would cover a fourteen-day period that runs past Christmas day.

Pennsylvania Counsel. Further, Cisco's trial team includes an attorney from Pennsylvania – Joseph Powers of Duane Morris LLP – and Pennsylvania issued an order on November 17, 2020 requiring self-quarantine for fourteen days upon returning from out-of-state travel.[7] Again, a departure from Texas on Saturday, December 12, would result in a quarantine through Christmas.

**Potential Hardships Faced by Ramot**. While Cisco expects that Ramot will make its own filing, Cisco notes the following two issues for the Court.

First, Cisco understands that Ramot's trial team at Bunsow De Mory LLP, which is based in Redwood City, California, consists almost entirely of attorneys and staff members that live in Northern California. As discussed above, California issued a travel advisory urging people arriving from out-of-state to self-quarantine for 14 days after arrival. Again, a departure from Texas on Saturday, December 12, would require Ramot's entire trial team to quarantine through Christmas.

Second, Cisco understands that some of Ramot's fact witnesses reside in Tel Aviv, Israel. Were these witnesses to travel to the United States to attend trial in early December, they would be expected to self-quarantine for an appropriate period when they arrive in the United States, and they would be required to undergo a 14-day mandatory isolation when they return to Israel such that they would spend the entirety of the Hanukkah holiday in isolation.[8]

---

[7] *See* https://www.governor.pa.gov/wp-content/uploads/2020/11/20201117-SOH-Travel-Mitigation-Order.pdf (Order of the Secretary of Pennsylvania Department of Health for Mitigation Relating to Travel).

[8] *See*, *e.g.*, https://www.gov.il/en/Departments/Guides/flying-to-israel-guidlines (requiring that inbound passengers submit a health declaration before boarding flight affirming, *inter alia*, that

## III. CONTINUING THIS CASE IS NEEDED GIVEN THE CIRCUMSTANCES

This Court has indicated that it "is open to requests for extensions to accommodate the COVID-19 related needs of persons involved in cases before the Court. Because the state of the COVID-19 emergency remains fluid and evolves week-to-week, the Court will consider, where warranted, multiple requests for extensions over time." *Standing Order Regarding Pretrial Procedures in Civil Cases assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic*, ("April 20 Standing Order") at 2. A continuance in this case would address many of the concerns in this case: a March trial would be much make the attendance of international witnesses much less burdensome, would permit the attendance of Cisco's invalidity expert, and would substantially reduce the likelihood that anyone would need to self-quarantine upon returning home (and would absolutely eliminate the prospect of self-quarantining over the Christmas and Hanukkah holidays).

---

he/she has not tested positive for Covid-19 or had contact with anyone that has tested positive); https://www.gov.il/en/Departments/Guides/flying-to-israel-guidlines?chapterIndex=3 (imposing a mandatory 14-day isolation period for passengers from "Red Locations"); https://www.gov.il/en/Departments/DynamicCollectors/green-red-countries?skip=0&destination=united%20states (designating the United States as a "Red Location" as of November 17, 2020).

Dated: November 18, 2020

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, TX 75670
Tel.: (903) 934-8450
Fax.: (903) 934-9257

L. Norwood Jameson (GA Bar No. 003970)
wjameson@duanemorris.com
Matthew C. Gaudet (GA Bar No. 287789)
mcgaudet@duanemorris.com
Matthew S. Yungwirth (GA Bar No. 783597)
msyungwirth@duanemorris.com
John R. Gibson (GA Bar No. 454507)
jrgibson@duanemorris.com
Sajid Saleem (GA Bar No. 382996)
SSaleem@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel: (404) 253-6900
Fax: (404) 253-6901

Joseph A. Powers (PA Bar No. 84590)
japowers@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1842
Fax: (215) 689-3797

Gilbert A. Greene (Texas Bar No. 24045976)
bgreene@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy., Suite 300
Austin, TX 78746-5435
Tel.: (512) 277-2300
Fax: (512) 519-858

Evan J. Muller (IL Bar No. 6330178)
ejmuller@duanemorris.com
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL  60603
Tel.:  (312) 499-6709
Fax: (312) 277-6534

***Counsel for Defendant***
***Cisco Systems, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated: November 18, 2020

*/s/ Melissa R. Smith*
Melissa R. Smith

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendant Cisco has met and conferred with Plaintiff Ramot regarding this Motion for several days, including on November 17 and 18, but in part because of the location of Ramot and the time difference between Ramot and its counsel, Ramot has not yet been able to finalize its position as to this Motion. Cisco will update the Court once Ramot's final position is known.

*/s/ Melissa R. Smith*
Melissa R. Smith