IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. 2:19-CV-00225-JRG |
| CISCO SYSTEMS, INC., | | |
| *Defendant*. | | |

## ORDER

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,270,535, No. 10,033,465, and No. 10,461,866 (the "Motion"). (Dkt. No. 107.) On November 19, 2020, the Court held a Status Conference on the Motion and related briefing. Having considered the Motion, the related briefing, the arguments presented, and the relevant authority, the Court is of the opinion that the Motion should be and hereby is **DENIED WITHOUT PREJUDICE** for the reasons herein.

I.  **BACKGROUND**

Plaintiff Ramot at Tel Aviv University Ltd. ("Ramot") alleges Defendant Cisco Systems, Inc. ("Cisco") infringes U.S. Patent No. 10,270,535 (the "'535 Patent"); U.S. Patent No. 10,033,465 (the "'465 Patent"); and U.S. Patent No. 10,461,866 (the "'866 Patent"). (Dkt. No. 48.)

Cisco previously filed an Opposed Motion to Stay Pending *Inter Partes* Review of U.S. Patent No. 10,270,535 and No. 10,033,465 (the "Motion to Stay Pending IPR"). (Dkt. No. 36.) The Court denied the Motion to Stay Pending IPR without prejudice, noting that no decision on

institution of the *inter partes* reviews ("IPRs") had yet been made, and instructing Cisco that it could subsequently seek a stay "if and when IPR proceedings are instituted by the PTAB."  (Dkt. No. 54.)

The Patent Trials and Appeal Board ("PTAB") subsequently denied institution of the IPRs, and Cisco filed Requests for *Ex Parte* Reexamination on all three patents-in-suit.  (Dkt. No. 107.)  The United States Patent and Trademark Office ("PTO") found substantial new questions of patentability as to each of the asserted claims in the patents-in-suit, granting all Requests for Reexamination, and Cisco filed the present Motion.  (*Id.*)  Subsequently, the PTO issued Office Actions rejecting all challenged claims of the '465 and '866 Patents.  (Dkt. Nos. 171, 180.)  The PTO has not yet made an initial determination as to the '535 Patent.  (*See* 11/19/2020 Status Conference Tr.)

## II. LEGAL STANDARD

The Court has the inherent power to control its own docket, including the power to stay proceedings.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).

## III. ANALYSIS

Cisco requests a stay pending resolution of the *ex parte* reexams, arguing that (1) such a stay would not prejudice Ramot because it does not compete with Cisco, does not practice the

asserted patents, and can be adequately compensated through monetary damages for any alleged infringement; (2) a stay would avoid duplicative litigation because the PTO found substantial new questions of patentability exist as to each asserted claim in the present action; and (3) the stage of the case favors a stay because Cisco immediately filed the present motion when the PTO denied institution on its IPRs but granted its reexam requests.  (Dkt. No. 107.)

Ramot opposes a stay, arguing that Cisco merely refiled its *inter partes* review petitions as *ex parte* reexaminations, and now re-files its motion for a prejudicial stay.  (Dkt. No. 110.) Specifically, Ramot argues that (1) a stay would prejudice Ramot because this case has been pending for a lengthy time and *ex parte* reexams generally remain pending for over two years; (2) any issue simplification is speculative because the claims could survive unscathed or be modified without colorable differences with respect to infringement; and (3) the proceedings are in late stages, with discovery complete and trial impending.  (*Id.*)

Granting a stay would prejudice Ramot, the nonmoving party, by delaying its resolution of the case.  *Soverain*, 356 F.Supp.2d at 662.  Ramot "has an interest in timely enforcing its patents. This remains true regardless [of] whether the parties' products directly compete," or whether Ramot currently practices the patents.  *ThinkOptics, Inc. v. Nintendo of America, Inc.*, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014).

Nevertheless, a stay has the potential to simplify the issues in questions and the trial of the case; however, such potential for simplification will be more certain in time.  *Soverain*, 356 F.Supp.2d at 662.  Of the eight currently-asserted claims, six have been rejected.  (Dkt. Nos. 171, 180.)  These rejections, however, are only preliminary; should they become final, the case may become greatly simplified.  Also, no decision as of yet has been made as to the two claims asserted from the '535 Patent.  Only time will tell whether any of the eight asserted claims will remain,

uncancelled and unmodified, after the reexamination procedure. Therefore, while the *ex parte* reexams have the *potential* to simplify the issues in question and the trial of this case, such simplification is currently more speculative than factual.

The late stage of the trial of this case weighs against a stay. Discovery is complete and a trial date has been set. *Soverain*, 356 F.Supp.2d at 662. "Given the resources that the parties and the Court have already invested in this case, staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate." *Soverain*, 356 F.Supp.2d at 663.

Having considered the prejudice to Ramot, the speculative nature of any simplification of issues, and the late stage of case development, the Court finds that the factors weigh against granting a stay at this juncture. Nevertheless, this denial is without prejudice, and Cisco may refile its Motion when more is known definitively.

### IV.   CONCLUSION

In light of the foregoing, the Court finds that Cisco's Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,270,535, No. 10,033,465, and No. 10,461,866 (Dkt. No. 107) should be and hereby is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 23rd day of November, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE