## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., | |
| Plaintiff, | Case No. 2:19-cv-00225-JRG |
| v. | |
| CISCO SYSTEMS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT CISCO SYSTEMS, INC.'S RENEWED MOTION TO STAY PENDING *EX PARTE* REEXAMINATION OF U.S. PATENT NO. 10,270,535, NO. 10,033,465 AND NO. 10,461,866

In view of two recent developments in the *Ex Parte* Reexaminations of the Patents-in-Suit (one by the Patent Office and one by Plaintiff Ramot at Tel Aviv University, Ltd. ("Ramot")), Defendant Cisco Systems, Inc. ("Cisco") respectfully renews its previously filed Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,270,535, No. 10,033,465 and No. 10,461,866 (the "Motion to Stay") (Dkt. 107), which the Court recently denied without prejudice. Dkt. 205.

First, on November 27, the Patent Office issued its first Office Action in the *Ex Parte* Reexamination ("EPR") of the '535 Patent, rejecting all challenged claims from that patent, including all of the claims asserted in this case (claims 1 and 2). Dkt. 209. In view of that Office Action, all asserted claims from all three Patents-in-Suit now stand rejected by the Patent Office. *Id.*; Dkt. 171 (notice re: '465 Patent rejection); Dkt. 180 (notice re: '866 Patent rejection).

Second, on the same day, Ramot made the strategic decision to request a 2-month extension to respond to the pending Office Actions in the '465 and '866 EPRs. Ramot's request to delay the reexamination proceedings (a request that Ramot never suggested was forthcoming at the November 19 status conference a week earlier)[1] all but ensures that there will not be further developments on those two patents before the March 1 trial day.

Accordingly, Cisco respectfully renews its request that the Court stay this case until the Patent Office issues final Office Actions on all three Patents-in-Suit (*i.e.*, but for Ramot's unilateral decision to purposely delay, the event that the parties agreed potentially could occur in the March timeframe for two of the Patents-in-Suit). Once the final Office Actions issue, the parties and the Court can reconvene to determine whether the stay should continue.

---

[1] *See generally* Nov. 19, 2020 Tr. attached hereto as Exhibit 1).

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Cisco filed Requests for EPRs on all three Patents-in-Suit.  Dkt. No. 107.  The Patent Office found substantial new questions of patentability as to each of the asserted claims in the Patents-in-Suit, granted all Requests for EPR, and Cisco filed the Motion to Stay.  *Id.*

Subsequently, the Patent Office issued Office Actions rejecting all challenged claims of two of the three Patents-in-Suit, and set the deadlines for responding to the Office Actions to December 13, 2020 for the '465 EPR and December 20, 2020 for the '866 EPR.  Dkts. 171, 180.

On November 19, 2020, the Court held a status conference on Cisco's Motion to Stay.  The Court specifically asked about the timing of the EPRs, and Ramot's counsel noted that it had "some responses coming up," and expected another "Office Action within four to six months thereafter," which "could be another rejection … it could be allowance … or it could be a final rejection."  Ex. 1, at 12.[2]  Ramot's counsel never suggested it would instead seek to delay deadlines in these proceedings.  *See generally id.*

As of the date the Court ruled on Cisco's Motion to Stay, an Office Action had not yet been issued on the third Patent-in-Suit ('535 Patent).  Accordingly, only six of the eight asserted claims stood rejected.  In denying Cisco's Motion to Stay without prejudice, the Court noted that "a stay has the potential to simplify the issues in question[] and the trial of the case" and predicted that the "potential for simplification [could] be more certain in time."  Dkt. 205, at 3.  The Court thus granted Cisco the right to "refile its motion when more is known definitively."  *Id.* at 4.  Four days later, the Court's prediction started to materialize, as the Patent Office issued an Office Action on

---

[2] The pace of these EPRs has proved to be even quicker, as the Office Actions in the '465 and '866 EPRs issued approximately three months after the Patent Office granted the Requests for EPRs. Specifically, the PTO found substantial new questions of patentability as to the '465 Patent on June 25, 2020, and issued the Office Action rejecting all claims on October 13, 2020.  The PTO found substantial new questions of patentability as to the '866 Patent on July 10, 2020, and issued the Office Action rejecting all claims on October 20, 2020.

the final Patent-in-Suit rejecting all claims.  Accordingly, all of the claims asserted in this litigation now stand rejected.  Absent another extension request, Ramot's response on the '535 EPR is due January 27, 2021.

The Court also noted in its stay denial order that "discovery is complete and a trial date has been set," and that "only time will tell whether any of the eight asserted claims will remain, uncancelled and unmodified, after the reexamination procedure."  *Id.* at 3-4.  At that time, Ramot's responses to the first Office Actions would have been due December 13, 2020 for the '465 EPR and December 20, 2020 for the '866 EPR.  It was thus reasonable to expect that final Office Actions for the two EPRs could issue near or around March 2021.

Ramot, however, actively moved to alter that schedule *after* the Court issued its ruling on the Motion to Stay, and *after* the Court had continued the trial to March 1, 2020.  Specifically, on November 27, Ramot filed requests for two-month extensions to respond to the Office Actions in the '465 and '866 EPRs.  *See* Dkt. 209.  Ramot thus ensured a delayed resolution of the EPR proceedings.  The Patent Office granted both extensions, setting new deadlines of February 16, 2021 and February 22, 2021 for Ramot to respond.  *See* Exhibits 2, 3 (attached).  Accordingly, rather than streamlining invalidity issues for trial and potentially receiving final Office Actions before or around the March 1 trial date (a schedule that was possible as of the November 19 teleconference), Ramot's request has all but prevented the Patent Office from further evaluating the EPRs by that timeframe.

## II.    ARGUMENT

The Court, appropriately, had "concern[s]" about starting trial when all asserted claims stand rejected, given that the "rejection process often concludes with claims that are modified in some way."  Ex. 1, at 6.  However, unlike many other similar scenarios involving *ex parte* reexaminations, this case has an unusual combination of Office Actions cancelling all asserted

claims *and* a party's concerted effort to stall the Patent Office's progress to timely consider the merits of the Patents-in-Suit without notice to the Court.  Indeed, when the Court probed at the status conference regarding the expected timing of the conclusion of the EPRs relative to the district court schedule, Ramot did not apprise the Court or Cisco of its intention to unilaterally delay to the maximum extent possible the resolution of the EPR proceedings by requesting the longest extension allowed under the Patent Office rules.

Rather than proceeding before the Patent Office on the expeditious schedule that was in progress—which already resulted in quick rejections of all asserted claims of the Patents-in-Suit—Ramot has chosen to do the opposite.  These efforts to delay a timely resolution before the Patent Office should not be rewarded when evaluating any prejudice to Ramot by a stay of these proceedings while the Patent Office determines the fate of the asserted claims in this case (all of which stand currently rejected).  *See* Dkt. 110, at 2-4; Dkt. 205 (holding that a stay would prejudice Ramot, which "has an interest in timely enforcing its patents").

Accordingly, Cisco respectfully renews its request that the Court grant its Motion to Stay and stay all proceedings pertaining to the Patents-in-Suit pending the issuance of the final Office Actions.  At that point, the status of the claims can be evaluated and, if appropriate, the stay can be either lifted or continued.

## III.     CONCLUSION

For the foregoing reasons, Cisco submits that good cause exists for staying all claims and issues pertaining to the Patents-in-Suit.  Accordingly, Cisco respectfully requests that the Court grant this motion.

Dated:  December 17, 2020                    Respectfully submitted,

                                                                   */s/ Melissa R. Smith*

                                                                   Melissa R. Smith

4

Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, TX 75670
Tel.:  (903) 934-8450
Fax.:  (903) 934-9257

L. Norwood Jameson (GA Bar No. 003970)
wjameson@duanemorris.com
Matthew C. Gaudet (GA Bar No. 287789)
mcgaudet@duanemorris.com
Matthew S. Yungwirth (GA Bar No. 783597)
msyungwirth@duanemorris.com
John R. Gibson (GA Bar No. 454507)
jrgibson@duanemorris.com
Sajid Saleem (GA Bar No. 382996)
SSaleem@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel: (404) 253-6900
Fax: (404) 253-6901

Joseph A. Powers (PA Bar No. 84590)
japowers@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1842
Fax: (215) 689-3797

Gilbert A. Greene (Texas Bar No. 24045976)
bgreene@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy., Suite 300
Austin, TX 78746-5435
Tel.: (512) 277-2300
Fax: (512) 519-858

Evan J. Muller (IL Bar No. 6330178)
ejmuller@duanemorris.com
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL  60603

5

Tel.:  (312) 499-6709
Fax: (312) 277-6534

***Counsel for Defendant
Cisco Systems, Inc.***

## **CERTIFICATE OF CONFERENCE**

On December 14 2020, counsel for Cisco met and conferred with counsel for Ramot, as required by Local Rule 7(h). Counsel for Ramot confirmed that Ramot opposes this motion. Discussions conclusively ended at an impasse, leaving an open issue for the Court to resolve.

*/s/ Melissa R. Smith*
Melissa R. Smith

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 17, 2020, the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3) with a copy of this document via the Court's CM/ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith