IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00225-JRG |
| CISCO SYSTEMS, INC., | § § § | |
| *Defendant*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Renewed Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,270,535, No. 10,033,465, and No. 10,461,866 (the "Motion"). (Dkt. No. 221.) Having considered the Motion and the related briefing, the Court finds that the Motion should be and hereby is **GRANTED**.

**I. BACKGROUND**

Plaintiff Ramot at Tel Aviv University Ltd. ("Ramot") alleges Defendant Cisco Systems, Inc. ("Cisco") infringes U.S. Patent No. 10,270,535 (the "'535 Patent"); U.S. Patent No. 10,033,465 (the "'465 Patent"); and U.S. Patent No. 10,461,866 (the "'866 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 48.)

Cisco previously filed an Opposed Motion to Stay Pending *Inter Partes* Review of U.S. Patent No. 10,270,535 and No. 10,033,465. (Dkt. No. 36.) The Court denied the Motion to Stay Pending IPR without prejudice, noting that no decision on institution of the *inter partes* reviews ("IPRs") had yet been made, and instructing Cisco that it could subsequently seek a stay "if and when IPR proceedings are instituted by the PTAB." (Dkt. No. 54.)

The Patent Trials and Appeal Board ("PTAB") subsequently denied institution of the IPRs, and Cisco filed Requests for *Ex Parte* Reexamination at the United States Patent and Trademark Office ("PTO") on all three patents-in-suit. (Dkt. No. 107.) In this Court, Cisco also filed a Motion to Stay Pending *Ex Parte* Reexamination. (*Id.*)

In response to the Requests for *Ex Parte* Reexamination, the PTO found substantial new questions of patentability as to each of the asserted claims in the patents-in-suit, granting all Requests for Reexamination. (*Id.*) Subsequently, when the PTO had issued preliminary Office Actions rejecting all challenged claims of the '465 and '866 Patents but had not yet made an initial determination as to the '535 Patent, the Court denied Cisco's request for a stay without prejudice to refile the request if and when any relief by way of the reexams became less speculative or incomplete. (Dkt. Nos. 171, 180, 205, 216.)

Cisco has now renewed its request for a stay pending the resolution of the *ex parte* reexaminations.

## II. LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

### III. ANALYSIS

Cisco argues that this case should be stayed in light of the *ex parte* reexams because (1) all asserted claims now stand rejected in Office Actions; (2) the claims are likely to be modified in some way, and therefore it would not be expeditious to proceed to trial on the current claims; and (3) Ramot has been delaying the progression of the reexams by requesting extensions for its responses to the Office Actions. (Dkt. No. 221.) Ramot asserts that the case need not be stayed because (1) any rejections remain speculative, just as they did when the Court denied Cisco's previous request for a stay; and (2) separate counsel requested the extensions at the reexams and the extensions do not substantially delay the proceedings at all, but actually have the potential to speed them up. (Dkt. No. 226.)

"A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016) (quoting *NFC Tech. LLC v. HTC Am.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). In the context of *ex parte* reexams, a stay is appropriate when there is a "significant likelihood that the outcome of the reexamination proceeding will streamline the scope of this case to an appreciable extent if not dispose of it entirely." *Veraseal LLC v. Wal-Mart Sores, Inc. et al.,* No. 2:17-cv-00527 (E.D. Tex. May 10, 2018).

Having considered the factors outlined above and the unique facts and circumstances of this case, the Court is persuaded that the benefits of a stay outweigh the costs of postponing resolution of the litigation in this particular case. All asserted claims of all Asserted Patents have been rejected in preliminary Office Actions in the *ex parte* reexams. (Dkt. Nos. 171, 180, 209.) When claims are rejected in an *ex parte* reexamination proceeding, the patent owner can narrow, cancel, or submit new claims. *See* M.P.E.P. § 2258. Thus, the asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely. They will not likely stay as they were when this suit was filed. If the case were to proceed to trial on the current claims, there is a serious risk of wasted resources as to the parties and the Court.

As the Court previously noted in its denial of such a stay, "[g]iven the resources that the parties and the Court have already invested in this case, staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate." (Dkt. No. 205 at 4 (citing *Soverain*, 356 F.Supp.2d at 663).) Ramot is entitled to its day in court and resolution of the present disputes. *See ThinkOptics, Inc. v. Nintendo of America, Inc.*, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014) (holding that patentees "ha[ve] an interest in timely enforcing [their] patents."). Nevertheless, the reexams have now progressed past the point of speculation, and simplification of the issues to be tried pending the resolution of the reexams is near certain.

Although this stay comes late in the progression of this case—with discovery complete, pretrial briefing submitted, and jury selection impending—there remain significant resources yet to be expended by the parties, including at the pretrial conference and preparations leading up to an actual trial of this case. In light of the high probability that the asserted claims will change in

scope as part of the reexamination proceedings noted above, the Court finds that considering the totality of the circumstances in this case at this time, a stay is warranted.

Accordingly, having considered prejudice to Ramot, simplification of the issues to be tried, and the stage of the case, the Court finds that the relevant factors weigh in favor of granting a stay of this case pending resolution of the *ex parte* reexaminations.

### IV. CONCLUSION

In light of the foregoing, the Court finds that Defendant Cisco Systems, Inc.'s Renewed Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,270,535, No. 10,033,465, and No. 10,461,866 (Dkt. No. 221) should be and hereby is **GRANTED**.

The parties are **ORDERED** to file a joint notice updating the Court as to the status of the claims within **thirty (30) days** of any ultimate resolution in the *ex parte* reexamination. The parties are further **ORDERED** to file periodic joint notices with the Court to report on the status of the reexamination proceeding **every 120 days** until this case is either unstayed or terminated.

**So ORDERED and SIGNED this 13th day of January, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE